**NEW BRUNSWICK FIRE INS. CO. OF NEW BRUNSWICK, NEW JERSEY, v. BRAUER–GRESSMAN CO., Inc., et al. (LLOYD'S UNDERWRITERS OF LONDON, ENGLAND, Third-Party Defendant).**

No. 4917.

District Court, W. D. Missouri, W. D.

June 12, 1948.

Alvin C. Trippe and Hogsett, Trippe, Depping & Houts, all of Kansas City, Mo., for plaintiff and third-party defendants.

Myer M. Rich, of Kansas City, Mo., for defendants.

REEVES, District Judge.

This is a proceeding under the Declaratory Judgment Act, Title 28 U.S.C.A., §

400. The plaintiff seeks to have the court declare and adjudge legal rights of the parties on a policy of insurance issued by it to the defendant Brauer-Gressman Company, Inc., and for a declaration or judgment that there was no liability on the said policy in favor of the said defendant and for plaintiff's discharge from all claims now being asserted.

The defendant on its part asserts liability of the plaintiff in its favor and avers that such liability accrued to it both against the plaintiff and against Lloyd's Underwriters of London, England, interpleaded, as a third-party defendant. The contention of the corporate defendant is that a loss occurred and that the plaintiff and the third-party defendant became equally liable for the balance of a loss in the sum of $6,476.17, and that, therefore, the said plaintiff and the third-party defendant each became liable to the corporate defendant in the sum of $3,238.08. The corporate defendant seeks judgment against said parties in said amounts.

The third-party defendant acknowledges its obligation, if any, to be identical with that of the plaintiff under the terms of the policy issued by the plaintiff and by its answer joins the plaintiff in seeking a declaratory judgment in respect of its liability, precisely as prayed by the plaintiff. The policy issued by the plaintiff bore date October 1, 1946, and became effective for one year ending at noon on October 1, 1947.

The important and significant feature of the insurance contract was the form or rider or endorsement attached to and made a part of the policy, and designated, among other things, as a "Multiple Location Reporting Form With Premium Adjustment At Specific Rate At Each Location." This form became important for the reason that the defendant (the assured) Brauer-Gressman Company, Inc., was engaged in maintaining stocks of raw materials for wearing apparel at sundry places and in procuring by contract the processing of such raw material by independent contractors. It furnished the raw materials for such processing and it was desired to have insurance protection at the various locations where such processing or manufacturing was carried on so that both the corporate defendant and its processors or contractors would be protected, both on such raw material and the finished product. Accordingly, it provided for the plaintiff a "List of Locations and Limits" of the provisional amount of insurance to be carried at such specific locations. Apparently it was contemplated by the parties when the policy was issued that other locations would be acquired and processing operations would involve the hazard of loss in raw materials as well as the finished product before delivery at such new locations. Accordingly it was provided in the policy that the insurance would cover, not only the enumerated specified locations, but "At any other location acquired if included in the next succeeding monthly Report of Values as provided in the Value Reporting Clause," in sums not exceeding $25,000. It was then provided that, "This Form is Subject to Additional Conditions Printed on the Back Hereof."

Adverting to the back, it is there provided with respect to new locations as follows: "5. New Locations * * *. New locations or * * * shall be added by written endorsement hereon. When endorsements are made adding new locations * * * an additional provisional premium shall be payable for the unexpired term of the policy at the rate then applying at the location * * *." It was further provided by paragraph 9, on the back of the printed form, as follows: "Value Reporting Clause—It is a condition of this policy that the insured shall report to this Company not later than thirty (30) days after the last day of each month, the exact location of all property covered hereunder, the total value of such property at each location and all specific insurance in force at each of such locations, on the last day of each month. At the time of any loss, if the insured has failed to file with this Company reports of values as above required, this policy, subject otherwise to all its terms and conditions, shall cover only at the locations and for not more than the amounts included in the last report of values, filed prior to the loss."

It appeared from the testimony that the corporate defendant on or about the 1st of November, 1946, arranged with certain parties, viz., Al Burnstein and Violet Burnstein, to engage in processing operations for it at 300–312 West 9th Street, and also described as 814–16 Central Street in Kansas City, Missouri. These parties did business under the name of Braeburn Company, and in accordance with their arrangements with the said corporate defendant a considerable quantity of merchandise was stored and carried at said address. On February 10, 1947, a loss occurred from fire. It was agreed between or among the parties that the loss as ascertained was $12,000, but there was specific insurance carried by the processors on the merchandise as provided in the policy, and by this insurance there was paid to the corporate defendant the sum of $5,523.81, leaving an unliquidated loss of $6,476.17. It is the contention of the plaintiff and the third-party defendant that liability for this loss did not accrue against them for the reason that the corporate defendant had not complied with the terms of the policy so as to make effective the insurance at this particular location. On the other hand, it is contended by the corporate defendant that such insurance became automatically effective and binding on all new locations and that the plaintiff and the third-party defendant, therefore, became liable in the amounts hereinbefore set out. These contentions will be noticed.

1. Concededly the new location at 300–312 West 9th Street, sometimes described as 814–16 Central Street, Kansas City, Missouri, was not endorsed upon the policy. The provision of the policy was, as stated, that: " * * * New locations * * * shall be added by written endorsement hereon."

No reason was assigned for failure to report the new location to the plaintiff and the third-party defendant except that it was believed from a conversation with the local agent of the plaintiff, by a representative of the corporate defendant, that the insurance was automatically extended and such endorsement was unnecessary. This was disputed by the agent.

The policy contains a specific provision: "No permission affecting this insurance shall exist, or waiver of any provision be valid, unless granted herein or expressed in writing added hereto." In the light of such provision it is unnecessary to resolve the factual question in controversy between the local agent and a representative of the corporate defendant. The new location was not endorsed on the policy, and this failure was not waived in writing endorsed on the policy. This alone would preclude recovery.

It was stipulated in the insuring clause and as a part of the consideration for the insurance, that: "In Consideration of the Provisions and Stipulations Herein or Added Hereto And Of" the stipulated cash premium the plaintiff "does insure * * *." etc.

2. It became the duty of the assured, not only to report the new location and have same endorsed on the policy, but it was required by the Value Reporting Clause, as hereinbefore set out, to report, at or near the end of each month, "the exact location of all property covered hereunder, the total value of such property at each location and all specific insurance in force at each of such locations." Failure thus to report was penalized by the provision that, "this policy * * * shall cover only at the locations * * * included in the last report * * * filed prior to the loss."

Again, concededly, no report was made as required by this clause until after the loss had occurred. Since no values had ever been reported, no insurance could attach under this provision.

3. By paragraph 5 of the form mentioned, it was provided further, that, in case of a new location, "an additional premium shall be payable for the unexpired term of the policy at the rate then applying at the location * * *." Since the new location was not reported, and since no valuation reports were made for such new location, no premiums were collected on account of the new location and therefore no contract of insurance was consummated or perfected covering the new location.

4. It is the contention of the assured that, (because of the specific insurance carried and by reason of the language in paragraph 8 of said form: "This policy does not attach to or become insurance against any hazard upon property herein described, which at the time of any loss is insured as defined by the Specific Insurance Clause, until the liability of such specific insurance has been exhausted,") the liability of the plaintiff did not accrue till after the ascertained loss.

This position cannot be accepted for the reason that the clear meaning of that clause is, that, after a loss has accrued, the liability of the plaintiff under its policy would not attach until the specific insurance had been exhausted; that is to say, the liability would be for the residue of the loss, if any, after the specific insurance had been paid. Moreover, this is an assumption that the terms of the policy had been complied with and that the insurance of the plaintiff on said property was in full force and effect.

It must follow from the above that the plaintiff and third-party defendant are entitled to a declaration or judgment that said plaintiff and third-party defendant are not liable to the assured in any amount under said policy of insurance for the loss at the location mentioned. Such a judgment or decree will be entered.